William C. Cagle v. Commissioner.
Cagle v. Commissioner
Docket No. 17058.
United States Tax Court
1949 Tax Ct. Memo LEXIS 18; 8 T.C.M. (CCH) 1039; T.C.M. (RIA) 49281; December 8, 1949
*18 On the facts, held, petitioner not entitled to exemption for dependents for 1945 on account of amounts contributed toward the support of his two minor sons living with his former wife. William C. Cagle, pro se. Byron M. Coon, Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: Respondent determined a deficiency of $205 in petitioner's income tax for 1945. The only issue raised is petitioner's right to exemptions for two dependents on account of amounts paid for the support of his two minor sons. Petitioner filed his income tax return for 1945 with the collector of internal revenue at Detroit, Michigan. [The Facts] Petitioner and his wife, Lula Bunetta Cagle, also known as Nettie Cagle, were *19 married December 17, 1916. They had three sons, Ruel, Clyde and Lynn. Petitioner and his wife were divorced by the Circuit Court for Wayne County, Michigan, April 13, 1944. A property settlement was reached. The decree of divorce was entered without contest. By the decree Nettie Cagle was awarded the care, custody and control of the minor children, the petitioner having the right to visit them at reasonable hours, petitioner was ordered to pay $6.00 per week each for the support and maintenance of Clyde Cagle and Lynn Cagle until they should reach the age of 17 and petitioner was directed to transfer to his wife all his right and interest in certain real property located in Detroit, subject to a mortgage, together with their household furnishings and furniture. In 1945 petitioner, pursuant to the decree, paid $624 for the support of his minor sons, Clyde and Lynn. In addition he visited these sons once a week and took them to shows or other entertainment. These sons were 14 and 7 years old in 1945. The eldest son, Ruel, was self-supporting. Nettie Cagle was employed in 1945 as an operator in a machine shop at a wage of $1.38 per hour for an eight-hour day. She had a grade school *20 education. She and the children occupied the house in Detroit, title to which stood in her name. There was due on the mortgage debt at the time of the divorce about $1,122, the payments on which amounted to about $27 per month. She derived income from rental of one or more rooms. While the divorce litigation was pending petitioner furnished groceries for his family for 21 weeks at an average cost of $14.41 per week. In their separate income tax returns for 1945, petitioner and his divorced wife each claimed the exemption for dependents allowed by section 25 (b) of the Code on account of their sons Clyde and Lynn. The exemption is allowable to the taxpayer who has furnished over half the support of the dependent person in the year. Respondent determined that petitioner was not entitled to the exemption. Petitioner has the burden of proof to establish that respondent erred. Petitioner has shown that he contributed $624 for the support of his sons and that he entertained them about once a week at a cost not stated. The total cost of the support of his sons is not established and in view of this failure of petitioner's proof we cannot say that respondent erred. [Opinion] Petitioner's *21 argument is that the standard of living of Mrs. Cagle and the boys was so low that the amount contributed by petitioner must have amounted to more than one-half of the cost of the support of his sons, and that this standard is shown by the fact that for 21 weeks before the divorce the cost of groceries furnished by petitioner for the family averaged $14.41 per week. Support includes clothing, shelter and incidental expenses as well as food. Petitioner's evidence concerned a period prior to the taxable year. Even if we assume the cost of food remained the same, petitioner's evidence is not sufficient to prove the total cost of the support of the two sons during 1945 or the amount or value of Mrs. Cagle's contribution thereto. Petitioner's unsupported statement that the family's standard of living was very low is insufficient to meet the burden of proof cast upon him. Petitioner also urges that property he transferred to Mrs. Cagle in prior years should be taken into consideration. The issue concerns the support provided in the taxable year. Payments or transfers to petitioner's wife in prior years have no bearing on that issue. Decision will be entered for the respondent.